Sherry Mercer, Petitioner-Appellant,
v.
Pamida, Fidelity & Guaranty Insurance Underwriters and State of Wisconsin Labor & Industry Review Commission, Respondents-Respondents.
No. 2005AP2133.
Court of Appeals of Wisconsin, District III.
August 10, 2006.
Before Lundsten, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
Sherry Mercer appeals the circuit court's order affirming a decision of the Labor and Industry Review Commission. Mercer argues that the Commission's decision is not supported by credible evidence. We affirm.
¶2 We review the record to determine whether there is credible evidence to support the Commission's determination. Vande Zande v. DILHR, 70 Wis. 2d 1086, 1097, 236 N.W.2d 255 (1975). If such evidence exists, we must uphold the Commission's decision. Id. at 1095, 1097. We do not weigh the evidence that supports the Commission's decision against the evidence opposed to the Commission's decision. Id. at 1097. The Commission is the primary fact finder, not its hearing examiners. Burton v. DILHR, 43 Wis. 2d 218, 222, 168 N.W.2d 196, 170 N.W.2d 695 (1969).
In evaluating a situation in which the commission reverses the recommendation of its examiner or examiners, it is to be kept in mind that the primary fact-finder is the agency, not the hearing officer. The dominant power to make findings of fact is in the agency heads, not in its hearing officers. One writer has termed this recognition of the ' ... substantive difference between the power to recommend and the power to decide.'
Id.
¶3 The result in this case is driven by our standard of review. The Commission credited the testimony of Dr. Paul Cederberg that Mercer had no disability to her back attributable to the leg injury Mercer sustained while unloading a truck at work on July 1, 1998. Dr. Cederberg concluded that Mercer's disability was attributable to a degenerative condition unrelated to work. He based his decision on the fact that Mercer had a history of back problems and did not first complain about back pain after her work accident until well after it occurred. Dr. Cederberg's opinion is supported by the medical record,[1] which shows that, after her July 1 accident, Mercer visited the doctor on July 8, July 22, August 5, August 20, and September 8, complaining of pain in her leg and ankle, but not her back.[2] Mercer first complained to the doctor about back pain on December 4, five months after her leg injury. Because the Commission found Dr. Cederberg's opinion to be most credible, and his conclusion in turn is solidly based on evidence found in the medical record, we conclude there is credible evidence to support the Commission's conclusion that Mercer's damages were not a result of her injury at work.[3]
¶4 Mercer suggests that the hearing examiner's findings, which were reversed by the Commission, are well supported in the evidence and should have been affirmed. Where, as here, the Commission has reversed the recommendation of its hearing examiner, it is well established that the Commission's findings prevail because it is the primary finder of fact. Burton, 43 Wis. 2d at 222.
By the Court.  Order affirmed.
NOTES
[1] We note here that in this and other cases in which we must review LIRC records, we have found searches of the record extremely difficult due to a lack of pagination and indexes in conjunction with the large number of documents contained within any given LIRC record. Although there is no rule requiring LIRC to include such pagination and indexes with their records, it would substantially assist in the review of LIRC cases if the voluminous documents LIRC transmits for inclusion in appellate records were organized similarly to the appellate record itself. Just as the clerk of courts is required by statute to "identify by number each paper, and prepare a list of the number papers [i.e., a record index]," WIS. STAT. § 809.15(2), for the sake of efficiency, accuracy and consistency, LIRC would do a great service to appellate review if it followed this model in preparing its own record.

Further, regardless of whether LIRC complies with our request, we expect the parties to include citations to the LIRC record that, so far as possible, directs our attention to specific pages. For example, parties could specify the name of the document, its date, whether it is an attachment to another document, and how many pages in from the start of the document is the specific page or pages to be referred to. Parties could also provide copies of the pertinent documents in their appendices. If the latter option is exercised, parties should still direct our attention, to the extent possible, to the specific location in the record where the document can be found.
[2] On September 8, Mercer drew a "pain diagram" that shows pain at the front and side of her right hip in addition to her leg and ankle.
[3] Mercer argues that "[t]here is ample evidence to support that Ms. Mercer's low back pain was the result of the July 1, 1998 accident." This is the wrong standard of review. We "must search the record to locate credible evidence which supports [the Commission's] determination, rather than weighing the medical evidence opposed thereto." Vande Zande v. DILHR, 70 Wis. 2d 1086, 1097, 236 N.W.2d 255 (1975).